CASE 2—INDICTMENT—JUNE 15.

# Crutcher v. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

TAXATION OF FOREIGN EXPRESS COMPANIES.—The statute requiring each agent of a foreign express company doing business in this State to obtain a license from the State Auditor, and pay the fee therefor, is not an interference with interstate commerce, and is valid.

HARMON, COLSTON, GOLDSMITH & HOADLY AND IRA JULIAN, FOR APPELLANT.

The business of the United States Express Company is commerce, and the statute requiring each of its agents to obtain a license, for which he must pay a fee of five dollars, is a regulation of interstate commerce, and, therefore, in violation of the Constitution of the United States. (Gibbons v. Ogden, 9 Wheat., 19; Passenger Cases, 7 How., 416: State Freight Tax, 15 Wall., 275; Welton v. Missouri, 91 U. S., 280; Hall v. De Cuir, 95 U. S., 485; Railroad v. Husen, 95 U. S., 469; Telegraph Co. v. Telegraph Co., 96 U. S., 1; Telegraph Co. v. Texas, 105 U. S., 464; Ferry Co. v. Pennsylvania, 114 U. S., 196; Pickard v. Pullman Southern Car Co., 117 U. S., 34; Tennessee

Crutcher v. Commonwealth.

v. Pullman Southern Car Co., 117 U. S., 51; Fargo v. Michigan, 121
U. S., 230; Steamship Co. v. Pennsylvania, 122 U. S., 326; Bowman
v. Railway Co., 125 U. S., 479; Ratterman v. Telegraph Co., 127 U.
S., 411; Leloup v. Mobile, 127 U. S., 640; Brown v. Maryland, 12
Wheat., 419, Moran v. New Orleans, 112 U. S., 69; Attorney-Gen-
eral v. Railway Co., 6 Q. B. Div., 216; Railway Co. v. Illinois, 118
U. S., 557; Robbins v. Taxing District, 120 U. S., 489· Asher v.
Texas, 128 U. S., 129.)

HELM & BRUCE FOR APPELLEE.

The statutes complained of were passed in the execution of what is known
as the police power of the State.    (Woodward v. Commonwealth,
9 Ky. Law Rep., 670.)
    That being true, those statutes are not an infringement of the com-
merce clause of the Constitution.    (Nashville, &c., Railroad Co. v.
Alabama, 128 U. S., 97; Smith v. Alabama, 124 U. S., 465.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT

It seems to us that. the case of Woodward v. Com-
monwealth, 9 Ky. Law Reporter, 670, in which the
statute appears in full, determines the question now
presented.  Counsel for the appellant now claims that
the statute of this State is invalid, as its effect is to
regulate commerce among the several States.  The
agent of the Express Company was fined for not
paying to the Auditor a fee of five dollars, or rather
for failing to take out a license required by the act
regulating the agencies of foreign express companies,
passed in March, 1860, and amended by the act of
1866.  That the company, a corporation created by
the laws of New York, of which the appellant is
agent, is doing business in this State as a carrier of
goods, wares and merchandise, is conceded; and that
it transports goods, &c., and all other species of
property usually incident to such transportation, both
into the State and out of it, is admitted.  It appears

that at least fifty per cent. of the business done by this agent consists in the carrying of goods from the place of his agency (Frankfort) to other States. That the carrying and transportation of goods from one State to another is a branch of interstate commerce is not controverted; but it is claimed that there is nothing in the legislation imposing on those who desire to act as the agents of this foreign corporation the burden of paying to the Auditor the fee of five dollars for recording his agency, or rather for issuing him his license to act as such.

The statute was enacted for the benefit of the citizens of the State, under which the Auditor is required to have satisfactory evidence of the ability and solvency of the corporation to do that which it has undertaken to do by virtue of its act of incorporation. Those who intrust to its custody the transportation of their property are entitled to some security that its undertaking will be performed, and we find no law of Congress or any constitutional provision that would deny to the State the right to impose such a burden upon those who undertake the discharge of such responsible duties. There is no discrimination made between corporations doing a like business, and the State, although the appellant's company is a foreign corporation, has the same right to license the business and calling of this agent as it would that of the lawyer or merchant whose business is confined to the State alone.

In the case of Smith v. Alabama, 124 U. S., 465, where the train of cars on the main line of road extended from the one State into the other, and passengers and freight constantly transported over the entire line the

Supreme Court held that a statute of Alabama requiring the locomotive engineers to be examined and licensed by a board appointed for that purpose before attempting a discharge of their duties, was constitutional, and no impediment to the free transaction of commerce among the States.   (See, also, Nashville, &c., Railroad. Co. v. Alabama, 128 U. S., 97.)

We can not perceive how any burden has been placed by the State upon interstate commerce by the provisions of the enactment in question, and must, therefore, affirm the judgment.